UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TERRY R. BAKER and SHANTEL L. BAKER as personal representatives of the estate of CHANCE D. BAKER, <br><br>      Plaintiff, <br><br>   vs. <br><br> NICHOLAS GOODMAN, COASTAL PAWN SHOP, and JOHN DOE, <br><br>      Defendants | Civil No. 19-00251-JAW |

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL (NICHOLAS GOODMAN)

Defendant Nicholas Goodman, by and through counsel, hereby responds to the Plaintiff's Complaint as follows:

1.  The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

**I. PARTIES**

2.  The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

3.  The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

4.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

5.      The Defendant admits that he was a sergeant with the Portland Police Department at the time of the events alleged in the Complaint. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

6.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

7.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## II.      STATEMENT OF FACTS

8.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

9.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

10.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

11.     The Defendant admits Union Station Plaza is a shopping plaza located at the corner of Congress and St. John Streets in Portland. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

12.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

13.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

14.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

15.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

16.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

17.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

18.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

19.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

20.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

21.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

22.     The Defendant admits that the Portland Police Department received 911 calls pertaining to a man with a gun at Union Station Plaza. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

23.     The Defendant admits that the Portland Police Department received 911 calls pertaining to a man with a gun at Union Station Plaza and that information received during those calls was broadcast to Department officers. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

24.     The Defendant admits he was on duty for the Portland Police Department and located at the police station when he heard transmissions from dispatch concerning a man with a gun at Union Station Plaza. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

25.     The Defendant admits that he understood that the man at Union Station Plaza was waiving around a shotgun. The Defendant is without sufficient information or knowledge to

form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

26.    The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

27.    The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

28.    The Defendant admits that he received a communication that one of the 911 callers thought the weapon the man was waving around might be a BB gun but was not sure. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

29.    The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

30.    The Defendant admits that at some point he arrived at Union Station Plaza. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

31.    The Defendant admits that at various times there were other police officers at Union Station Plaza. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

32.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

33.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

34.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

35.     The Defendant admits it had been reported that the man with a shotgun at the Union Station Plaza was yelling obscenities. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

36.     The Defendant admits he observed a man with a gun at the Union Station Plaza walking around. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

37.     The Defendant admits it had been reported that the man with a shotgun at the Union Station Plaza was intoxicated. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

38.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

39.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

40.     The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

41.     The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

42.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

43.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

44.     The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

45.     The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

46.     The Defendant admits the man with the gun at Union Station Plaza did not respond to the Defendant's commands. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

47.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

48.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

49.     The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

50.     The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

51.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

52.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

53.     The Defendant admits that the rifle he was carrying had an Acog optic. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

54.     The Defendant admits that he received a communication that one of the 911 callers thought the weapon man was waving around might be a BB gun but was not sure. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

55.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

56.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

57.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

58.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

59.     The Defendant admits that he observed the man at the Union Station Plaza lean the gun he was carrying against the wall of the Subway restaurant. The Defendant is without

sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

60.     The Defendant admits that he observed the man at the Union Station Plaza take a drink from a bottle after he leaned the gun he was carrying against the wall of the Subway restaurant. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

61.     The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

62.     The Defendant admits the man with the gun at Union Station Plaza did not respond to the Defendant's commands. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

63.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

64.     The Defendant admits that despite his commands not to pick up the gun, the man at Union Station Plaza picked the gun back up. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

65.     The Defendant admits the man was holding the gun and leveling it at him and Officer Knutson. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

66.     The Defendant admits that based on a totality of the circumstances he fired a single shot at the man in the Union Square Plaza who was leveling a gun. The Defendant is

without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

67.    The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

68.    The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

69.    The Defendant admits that from the time he arrived on scene at the Union Station Plaza until he fired approximately 2 minutes and 40 seconds elapsed. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

70.    The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

71.    The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

72.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

73.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

74.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

75.    The Defendant admits that there were other officers nearby the Union Station Plaza when he fired. The Defendant is without sufficient information or knowledge to form a

belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

76.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

77.     The Defendant admits that officers placed handcuffs on the man who had been leveling the gun at the Union Station Plaza. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

78.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

III.     CLAIMS FOR RELIEF

*Count One*
**Excessive Force, Pursuant to 42 U.S.C. § 1983, Fourth Amendment of the United States Constitution as to Defendant Goodman.**

79.     The Defendant repeats his responses to the preceding paragraphs of the Complaint.

80.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

81.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

82.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

83.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

*Count Two*

**Excessive Force, Pursuant to 5 M.R.S. § 4682 and Article 1 § 5 of the State of Maine Constitution as to Defendant Goodman.**

84.     The Defendant repeats his responses to the preceding paragraphs of the Complaint.

85.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

86.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

*Count Three*
**Wrongful Death, Pursuant to 18-A M.R.S. § 2-804 as to Defendant Goodman.**

87.     The Defendant repeats his responses to the preceding paragraphs of the Complaint.

88.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

89.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

90.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

*Count Four*
**Wrongful Death, Conscious Pain and Suffering Pursuant to 18-A M.R.S. § 2-804 as to Defendant Goodman.**

91.     The Defendant repeats his responses to the preceding paragraphs of the Complaint.

92.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

93.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

### Count Five
### Negligence Against Coast Pawn Shop and "John Doe"

94.     The Defendant repeats his responses to the preceding paragraphs of the Complaint.

95.     This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

96.     This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

97.     This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

98.     This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

99.     This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

100.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

101.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

102.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

103.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

104.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

105.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

106.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is

without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

107.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

108.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

### Count Six
### Wrongful Death, Pursuant to 18-A M.R.S. § 2-804 Coastal Pawn Shop and John Doe

109.    The Defendant repeats his responses to the preceding paragraphs of the Complaint.

110.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

111.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

### Count Seven
### Wrongful Death, Conscious Pain and Suffering Pursuant to 18-A M.R.S. § 2-804 Coastal Pawn Shop and John Doe.

112.    The Defendant repeats his responses to the preceding paragraphs of the Complaint.

113.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

114.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

115.    This count of the Complaint does not state a claim against the Defendant; therefore, no response is required. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## V.    REQUEST FOR RELIEF

116.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## AFFIRMATIVE DEFENSES

1.    The Defendant has at all times acted in good faith and without knowledge that his conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2.    The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3.    No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4.    The Defendant reserves the right to demonstrate that to the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's

failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107 and 8108.

5.      To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the personal immunity provisions provided to the Defendant by the Maine Tort Claims Act, 14 M.R.S.A. § 8111(1)(C), (D) and (E).

6.      To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is capped by the Maine Tort Claims Act.

7.      To the extent that the Plaintiff endeavors to make a state claim pursuant to 18-A M.R.S. §2-804, the claim is capped by the provisions of that statute.

8.      To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendant in his representative capacity, the Complaint fails to state a claim upon which relief may be granted.

9.      The conduct of Plaintiff's decedent was the sole or a contributing cause of any injuries that are claimed in this matter.

10.     The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

11.     The Plaintiff's claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of his agents or employees.

12.     The Plaintiff's claims are barred for the reason that the Defendant's conduct does not constitute deliberate indifference or conduct which is shocking to the conscience.

13.     The Plaintiff's claims are barred for the reason that the allegations in the Amended Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

14.     The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

15.     The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

16.     To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

17.     The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983 in the Maine Constitution or the United States Constitution.

18.     The Plaintiff's Complaint, in whole or in part, fails to state justiciable claims.

19.     The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate damages.

**JURY DEMAND**

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant

requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Nicholas Goodman demands judgment in his favor with

regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees,

if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 24th day of June, 2019.

> Attorneys for Defendant Nicholas Goodman
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906

BY:     /s/ John J. Wall, III
        John J. Wall, III

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2019, I electronically filed **Answer to Complaint and Affirmative Defenses and Demand for Jury Trial (Nicholas Goodman)** using the CM/ECF system, which will provide notice to me and the following other counsel of record: Hunter J. Tzovarras, Esq. (hunter@bangorlegal.com).

Dated at Portland, Maine this 24th day of June, 2019.

> Attorneys for Defendant Nicholas Goodman
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906

BY:     /s/ John J. Wall, III
        John J. Wall, III