UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TERRY R. BAKER et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   2:19-cv-00251-JAW |
| | ) |
| NICHOLAS GOODMAN et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT**

Applying the First Circuit's admonition against the mischief caused by piecemeal appeals, the Court denies a dismissed party's motion for judgment under Federal Rule of Civil Procedure 54(b).

**I.     BACKGROUND**

On February 13, 2019, Terry R. Baker and Shantel L. Baker, acting as personal representatives of the estate of Chance D. Baker (Plaintiffs), filed a lawsuit in the state of Maine Superior Court for Cumberland County pursuant to 42 U.S.C. § 1983, 5 M.R.S. § 4682, and 18-A M.R.S. § 2-804 against Portland Police Sergeant Nicholas Goodman, Lewiston Pawn Shop, Inc. d/b/a Coastal Trading & Pawn (Lewiston Pawn),[1] and John Doe.  *Aff. of John J. Wall, III*, Attach. 1, *Docket R.* (ECF No. 3); .

---

[1]     The Plaintiffs filed their Complaint against Coastal Pawn Shop.  *Aff. of John J. Wall, III*, Attach. 3, *Compl.* (ECF No. 3) (*Compl.*) ¶ 6.  Since then, the Defendant affirmed that its correct legal name is Lewiston Pawn Shop, Inc. doing business as Coastal Trading & Pawn.  *Def. Lewiston Pawn Shop, Inc. d/b/a Coastal Trading & Pawn's (Incorrectly Named as Coastal Pawn Shop) Mot. to Dismiss* at 1 (ECF No. 9).  At the February 13, 2020, hearing, the Defendant moved orally to drop Coastal Pawn Shop and add Lewiston Pawn Shop, Inc., d/b/a Coastal Trading & Pawn as the proper Defendant pursuant to Federal Rule of Civil Procedure 21, *Oral Mot. to Substitute Party Pursuant to Federal Rule 21 to Terminate Def. Costal Pawn Shop and Add Def. Lewiston Pawn Shop d/b/a Coastal Trading & Pawn* (ECF No. 21), and, without objection, the Court granted the motion.  *Oral Order Granting Without Obj. Mot. to Substitute Party* (ECF No. 22).

On June 3, 2019, Sergeant Goodman removed this case from state to federal court. *Notice of Removal* (ECF No. 1). On February 19, 2020, the Court granted Lewiston Pawn's motion to dismiss the complaint. *Order on Mot. to Dismiss Compl.* (ECF No. 24). On March 18, 2020, Lewiston Pawn filed a motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b), *Def. Lewiston Pawn Shop, Inc. d/b/a Coastal Trading & Pawn's Mot. for Entry of Final J. Pursuant to Fed. R. Civ. P. 54(b)* (ECF No. 26) (*Lewiston Pawn Mot.*), and a supporting memorandum of law. *Mem. of Law in Supp. of Def. Lewiston Pawn Shop, Inc. d/b/a Coastal Trading & Pawn's Mot. for Entry of Final J. Pursuant to Fed. R. Civ. P. 54(b)* (ECF No. 27) (*Lewiston Pawn Mem.*).

The Plaintiffs failed to respond to Lewiston Pawn's Rule 54(b) motion.

## II. LEWISTON PAWN'S POSITION

In its supporting memorandum of law, Lewiston Pawn makes the case for the entry of judgment as against the Plaintiffs because without a judgment "Lewiston Pawn will not have a resolution based upon [the Court's] dismissal for a period of years." *Lewison Pawn Mem.* at 6. By contrast, Lewiston Pawn argues, "the Plaintiffs will suffer no prejudice in the Court's of entry of judgment for Lewiston Pawn as they are still able to [proceed with] their claims against Sergeant Goodman and, if they wish to, against Lewiston Pawn through an appeal." *Id.* Lewiston Pawn says that it meets the First Circuit standard for the Court to certify a Rule 54(b) judgment because this Court's ruling is "final" and there is "no just reason for delay." *Id.* at 4 (quoting *Nystedt v. Nirgo*, 700 F.3d 25, 29-30 (1st Cir. 2012)).

### III.   DISCUSSION

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).  In applying this Rule, the Court of Appeals for the First Circuit stressed that "there is a long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988). The First Circuit has cautioned that a district court should certify a judgment under Rule 54(b) only when it has determined that "(i) the ruling in question is final and (ii) there is no persuasive reason for delay." *González Figueroa v. J.C. Penney P.R., Inc.*, 568 F.3d 313, 317 (1st Cir. 2009) (citing *Spiegel*, 843 F.2d at 42-43).

#### A.   Finality

The Court agrees with Lewiston Pawn that its February 19, 2020, order dismissing the Plaintiffs' claims against it "dispose[d] of all the rights and liabilities of at least one party as to at least one claim." *Lewiston Pawn Mem.* at 4 (quoting *Lee-Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 24 (1st Cir. 2008) (quoting FED. R. CIV. P. 54(b))).  The Court agrees that its dismissal is a final order as to Lewiston Pawn in the sense that the dismissal order "terminated [the Plaintiffs'] claims against

[Lewiston Pawn] in their entirety." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 580 (1st Cir. 1994).

### B. Persuasive Reason for Delay

The First Circuit has written that the second step, persuasive reason for delay, is "harder to master." *Id.* The Court must analyze "whether there is no just reason for delay by assessing '(1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review.'" *Widi v. McNeil*, No. 2:12-cv-00188-JAW, 2017 U.S. Dist. LEXIS 116678, at *5 (D. Me. Jul. 26, 2017) (quoting *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996)). The analysis requires "tracing the interrelationship between, on the one hand, the legal and factual basis of the claims undergirding the proposed judgment (*i.e.*, the jettisoned claims), and on the other hand, the legal and factual basis of the claims remaining in the case." *Maldonado-Denis*, 23 F.3d at 580 (emphasis in original). At the appellate level, the First Circuit must then "ponder the balance struck by the district court between the desirability of immediate review and the undesirability of promoting piecemeal appeals." *Id.* In *Maldonado-Denis*, after reviewing the "imbrication between the jettisoned claims and the remaining claims," the First Circuit went on to examine whether there was an "urgent need for immediate review." *Id.*

Overshadowing this analytic structure, the Court must acknowledge that the First Circuit casts a cold eye on Rule 54(b) certifications. In *Nichols v. Cadle Co.*, 101

4

F.3d 1448 (1st Cir. 1996), the First Circuit wrote that it is "trite, but true, that piecemeal appellate review invites mischief." *Id.* at 1449. In *Nichols*, the First Circuit stated that it has "warned, time and time again, that Rule 54(b) should be used sparingly." *Id.*

With this appellate admonition in mind, the Court observes that factually the evidence against Lewiston Pawn is intertwined with the evidence against Sergeant Goodman. The Plaintiffs' allegation against Lewiston Pawn was that Chance Baker entered Lewiston Pawn "intoxicated," *Compl.* ¶¶ 13-14, that Lewiston Pawn sold him a BB rifle, *id.* ¶ 15, that Mr. Baker exited Lewiston Pawn "unsteady on his feet" and "holding the BB gun," ¶¶ 19-20, 22, that the police were called, *id.* ¶ 22, and that shortly after Sergeant Goodman arrived at the scene, he shot and killed Mr. Baker. *Id.* ¶¶ 66-78. Although some of the legal standards are different because of Lewiston Pawn's status as a retailer and Sergeant Goodman's as a police officer, the underlying factual theory against both Lewiston Pawn and Sergeant Goodman is that Mr. Baker's obvious intoxication and mental illness should have deterred Lewiston Pawn from selling him the BB rifle and Sergeant Goodman from shooting him.

There are significant differences and a major similarity between the legal theories against Lewiston Pawn and Sergeant Goodman. The most obvious difference is that the Court decided that Lewiston Pawn owed no legal duty to Mr. Baker and whatever else complicates the case against Sergeant Goodman, he owed Mr. Baker a duty not to shoot him. There are other differences, such as immunity and discretionary function issues, that may affect the Plaintiffs' claims against Sergeant

Goodman and were not at issue against Lewiston Pawn.  With that said, the legal theory against both Lewiston Pawn and Sergeant Goodman is bottomed on the reasonableness of each Defendant's response to Mr. Baker's actions while he was apparently under the influence of alcohol and acting erratically.

The Court's main concern about issuing a Rule 54(b) judgment in favor of Lewiston Pawn is that it sets up two different paths of travel for the two Defendants in the same case.[2]  If judgment issues now in favor of Lewiston Pawn, Mr. Baker will have to decide whether to appeal the Court's dismissal order.  If he chooses not to do so, there will be a benefit closure at least as to Lewiston Pawn.  If he appeals, the case against one Defendant will be in the Court of Appeals for the First Circuit while the case against the other Defendant remains in this Court.  If the Court of Appeals for the First Circuit affirms the dismissal, the case against Lewiston Pawn will be over.  But if the First Circuit vacates the dismissal and remands the case against Lewiston Pawn to this Court, the Lewiston Pawn case will have to begin anew here, complicating the disposition of the case against Sergeant Goodman, since the case against Lewiston Pawn will have to start from the beginning, while the case against Sergeant Goodman will be well advanced.

Meanwhile the case against Sergeant Goodman will proceed in this Court.  Under the Magistrate Judge's May 11, 2020, order, the discovery deadline in the case

---

[2]   In making its assessment, the Court has not considered the impact on the Plaintiffs because the Plaintiffs for whatever reason elected not to respond to Lewiston Pawn's motion for Rule 54(b) judgment. If the Plaintiffs have a stake in the motion, they waived the right to have the Court consider it by their silence.  If the Plaintiffs have decided not to pursue the appeal of the dismissal order, it would have been helpful if they had informed the Court because the Court would have granted the Rule 54(b) order with the assurance it was a final judgment. At the same time, the Court acknowledges that the Plaintiffs are not obligated to decide whether to appeal until the appeal deadline approaches.

against Sergeant Goodman lapses on September 8, 2020, and, absent a dispositive motion, it is to be trial ready as of November 2, 2020. *Order Granting Mot. to Amend Scheduling Order* (ECF No. 30) (imposing new deadlines). If the case against Sergeant Goodman goes to trial in November 2020, there will be a final judgment in the case against Sergeant Goodman likely before the First Circuit rules on the appeal of the Lewiston Pawn case. If so, it makes more practical sense to have both Defendants in the same case before the First Circuit at the same time.

More likely, given the affirmative defenses, Sergeant Goodman will file a dispositive motion. If so, the May 11, 2020, order requires Sergeant Goodman to file notice of his intention to do so by September 15, 2020. *Id.* Acknowledging timeframes are not set in stone, this Court could rule on a Sergeant Goodman dispositive motion before the First Circuit hands down a decision on the appeal of the Lewiston Pawn ruling. If the Court rules in favor of Sergeant Goodman and the appeal of the Lewiston Pawn case is still pending, the Rule 54(b) judgment will be for naught because it makes more sense to consolidate the appeals. If the Court rules against Sergeant Goodman and proceeds to trial, the losing party will decide whether to appeal the adverse verdict. Depending on the timeframes, the First Circuit could be dealing with a late-granted consolidated appeal or with staggered appeals of the same case; the former plays havoc with the First Circuit's scheduling of the original appeal and the latter presents the First Circuit with what it dislikes, seriatim appeals from different defendants on the same case.

This overview of the complicated decisional tree of this case with its various branches (and other unstated permutations) reflects what the First Circuit describes as the potential "mischief" of having the same case in two courts at the same time. The Court sympathizes with Lewiston Pawn's desire for closure, but its experience compels the conclusion that First Circuit affirmance is never a foregone conclusion and it is wiser to proceed in the ordinary course.

## IV. CONCLUSION

The Court DENIES Defendant Lewiston Pawn Shop, Inc. d/b/a Coastal Trading & Pawn's Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 26).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2020